UNITED STATES of America,
Plaintiff-Appellee,

v.

Salvatore S. RINIOLO,
Defendant-Appellant.

No. 1112, Docket 76–1583.

United States Court of Appeals,
Second Circuit.

Argued May 3, 1977.

Decided May 4, 1977.

Philip B. Abramowitz, Buffalo, N. Y. (Gross, Shuman, Laub & David, Buffalo, N. Y., of counsel), for defendant-appellant.

Henry Walker, Atty., Dept. of Justice, Washington, D. C. (Richard J. Arcara, U. S. Atty., W.D.N.Y., Buffalo, N. Y., Dennis P. O'Keefe and William G. Otis, Attys., Dept. of Justice, Washington, D. C., of counsel), for plaintiff-appellee.

Before WATERMAN and GURFEIN, Circuit Judges, and BLUMENFELD, District Judge.*

PER CURIAM:

After a trial by jury in the Western District of New York appellant was convicted of having conspired with one Linda Ferguson to violate the federal laws relative to prostitution, 18 U.S.C. §§ 2421, 2422, 2423, and 1952. The 18 U.S.C. § 371 conspiracy count was one of five counts contained in the indictment, the other four alleging the commission of specific substantive offenses by the two defendants. Linda Ferguson pled guilty before trial. Appellant stood trial. At the conclusion of the government's case one of these counts charging substantive offenses was dismissed by the court, and the jury acquitted appellant on the other substantive counts. Upon appeal from his conviction on the conspiracy count appellant claims that the evidence adduced at the trial was insufficient to support his conviction, that an affidavit executed by a government officer in support of two search warrants did not establish probable cause to believe that federal crimes were being committed at the addresses set forth in the warrants, and that the sentence appellant received of 2½ years of imprisonment was excessive.

We affirm the conviction and do not disturb the challenged sentence.

■ We have carefully examined the transcript of the trial; and, as we must, we consider the evidence in the light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and find that it was sufficient to support appellant's conviction on the conspiracy charge.

* Of the District of Connecticut, sitting by designation.

As to the claim that the affidavit in support of the motion for the issuance of the two search warrants was inadequate to support their issuance, we concur with Chief Judge Curtin who, after holding a suppression hearing, wrote a lengthy reasoned opinion that there was indeed probable cause to issue the warrants.

Lastly, we point out that the sentence claimed to be excessive was well within the permissible statutory maximum of five years' imprisonment and a $10,000 fine, and we find no impermissible factors which would justify our disturbing the sentence imposed by the trial judge.